IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PALLINO RECEIVABLE I LLC, et al., : : : Plaintiffs, : : v. : Civil Action No. 08-142-JJF : BISHOP JAMES R. JOHNSON, : et al., : : Defendants. : | |

Stephen P. Doughty, Esquire, Lyons Doughty & Veldhuis, P.C., Wilmington, Delaware. Attorney for Plaintiff Pallino Receivables I LLC.

Bishop James R. Johnson, Selbyville, Delaware. Pro se Defendant.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

*Joseph Farnan*
Farnan, District Judge

Defendant James R. Johnson ("Defendant") removed this case from the Court of Commons Pleas of the State of Delaware, in and for Sussex County on March 10, 2008, and from the Superior Court of the State of Delaware, in and for Sussex County. (D.I. 2.) He appears pro se and on March 30, 2008, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5.) For the reasons discussed below, the Court will summarily remand the case to State Court.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant removed this matter from the Delaware Justice of the Peace Court and the Delaware Superior Court pursuant to 28 U.S.C. § 1331 and 1441(b). The Notice Of Removal states that the action "arises under (statute, constitutional provision, or other basis of federal question jurisdiction)." (D.I. 2, ¶ XIV.) Defendant alleges that neither he, nor Defendant Apostolic Church of Jesus Christ, were served with service of process as required by Delaware local rules. (Id. at XII.) The Civil Cover Sheet describes the cause of action as "color of state law (abuse of process) unethical attorney conduct, insufficiency of service of process, unjust enrichment, fraudulent business practices" and it demands one million dollars.

Attached as an exhibit is a Complaint filed in the Court of Common Pleas. (D.I. 2, Ex.) The Complaint alleges default of a

bus lease agreement due to non-payment.  It demands judgment jointly and severally against Defendants Apostolic Church of Jesus Christ of the Apostolic Faith, Inc., James R. Johnson, Sr., and Preston J. Mumford.  The Complaint indicates that the individuals reside in Delaware and that the church is located in Delaware.  Also attached to the Complaint is a Praecipe with instructions "to levy on the goods and chattel of defendant, Apostolic Church Jesus" as well as writ for the Sheriff of Sussex County to levy upon property of the Apostolic Church Jesus to satisfy a debt owed.

## II.   LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction.  28 U.S.C. § 1441(a).  The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 104 (1941).  A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  The party seeking removal bears the burden to establish federal jurisdiction.  <u>Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987); <u>Zoren v. Genesis Energy, L.P.</u>, 195 F. Supp. 2d 598,

602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth., 809 F.2d at 1010.

## II. REMOVAL

Plaintiff filed his Notice of Removal pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) and 1441(b)(i.e., removal of cases wherein the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States). A review of the Complaint, reveals, however, that neither of the cited statutory provisions confer the Court with original jurisdiction.

In order for a case to be removable to the district court, it must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). If Defendant's case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. Id. (citations omitted).

4

The Complaint at issue does not raise a federal question pursuant to 28 U.S.C. § 1331. Rather, the Complaint raises a breach of contract claim (i.e., lease agreement) and other documents indicate there was a levy of property to satisfy a judgment. The parties are not diverse and the Complaint is not founded on a claim or right arising under the Constitution, treaties or laws of the United States. Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Plaintiff that removal cannot be permitted. Therefore, the case is summarily remanded to the state courts of Delaware.

V.   **CONCLUSION**

For the reasons discussed above, the Court will summarily remand the case to The Court of Commons Pleas of the State of Delaware, in and for Sussex County and to The Superior Court of the State of Delaware, in and for Sussex County. An appropriate Order will be entered.